**SCHARDT v SCHARDT et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1217.  Decided Feb 9, 1934

Irvin C. Delscamp, Dayton, for plaintiff in error.

Kelly & Knee, Dayton, for defendant in error.

186

**OPINION**

By HORNBECK, PJ.

Briefly, the facts disclose that the plaintiff, an elderly man, and his son and daughter-in-law, the defendants, entered into negotiations whereby the plaintiff was to live with the defendants in a property of plaintiff known as lots Nos. 15 and 16 of the Ensley plat, defendants to look after and care for plaintiff and in return for this service the plaintiff was to "turn over his property to the defendants." The parties entered into the performance of this agreement and at the time of the trial defendants had been in occupancy of the real estate described in the agreement for some seven years and the plaintiff continued to have a room with defendants.

Supporting the contention of want of consideration for the note both defendants testified in substance that at the time the note was signed, in July, 1926, the plaintiff said to the defendants:

"I have been giving you this money and you are supposed to have this place when I die. Now, I think I ought to have a note from you Deary (meaning the wife of defendant Herbert H. Schardt) to show the others—to show the other kids that you have got this money. Now I don't expect to ever get this money from you but it will show the others you got your share when anything happens to me."

This statement of plaintiff, Benjamin H. Schardt, is supported by his wife, the other defendant, by Edward Schardt, another son of the plaintiff, by Jessie Marquis, a daughter of the plaintiff, who said that she had conversations, not only before but after the giving of the note, in all of which conversations the plaintiff expressly stated that he did not expect anything to be paid upon the note but that it was merely representative of an amount which had theretofore been given by him to his son and daughter-in-law.

All of this testimony was expressly denied by the plaintiff who testified that the consideration for the note was as before stated.

It developed that Edward Schardt, another son, had given the father a note for $1,000.00, due in one year, being for the same period as the note sued upon, which note however had an additional statement thereon to the effect that if the interest was paid the principal would not be required to be paid.

The only testimony tending to support the claim that the consideration for $400.00 of the face of the note failed was to the effect that several months before the defendants had moved into the property of the plaintiff, he purchased an automobile; that the defendants had no knowledge whatever of negotiations for nor purchase of this automobile until the defendant had accepted delivery of it; that he stated to

defendants that he had purchased it for them. The bill of sale for this automobile was at one time in the name of the defendant Herbert H. Schardt, but subsequently he transferred it by bill of sale to his father, the plaintiff. This was of little consequence as plaintiff claimed nothing for the cost of the automobile.

There was marked dispute in the record as to the time when this last bill of sale was executed. It was the contention of defendants that it was signed and delivered at the time when the defendant, Herbert H. Schardt was in the hospital in a dangerous condition. It is the claim of the plaintiff that it was not executed until April, 1926, following the December of 1925, when the defendant Herbert H. Schardt was released from the hospital. The witnesses of the bill of sale who it would seem could have provided definite and valuable information respecting the controverted question, when the bill of sale was signed, were not called and did not testify.

In any event there was abundant evidence to support the claim that there was a failure of consideration for the whole amount of the face of the note, in addition to the testimony that it was a failure of consideration pro tanto for the sum representative of the purchase price of the automobile.

Upon this state of the pleadings and the record the trial court charged the jury. Upon the issues as to the want of consideration for the note the court followed **Ginn v Dolan, 81 Oh St, 121,** placing the burden of showing consideration upon the plaintiff. As to the defense of failure of consideration pro tanto, the court placed the burden of proof upon the defendants.

Plaintiff in error claims that the court erred in its charge, wherein the burden of proof was placed upon the plaintiff upon the issue of want of consideration.

We are satisfied that the trial court was correct in its determination of the law as to both of the defenses, namely, want of consideration and failure of consideration. The question is no longer an open one in Ohio.

The trial court gave to the jury the usual and customary definition of preponderance of evidence and burden of proof. At the conclusion of the general charge the jury was instructed to remain in the box and thereupon counsel and the court retired to chambers, evidently to discuss the question of further instructions to the jury. Thereafter, the record discloses the following to have occurred:

"By the Court: Ladies and Gentlemen of the Jury, the court desires to supplement the charge already given by some further remarks, and this supplementary charge you will consider along with the rest of the charge that has been heretofore given to you.

One of the defenses made by the defendants, which I have not particularly commented on is the second defense as contained in the defendants' answer which you will have before you. In that connection, I desire to read a portion of §8121 GC, which reads as follows:

'Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect to it. As between immediate parties and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be. In such case, the delivery may be shown to have been conditional or for a special purpose only and not for the purpose of transfering the property in the instrument.'

"If you find, Ladies and Gentlemen, that the note in question was given by the defendants to the plaintiff as an evidence of advancement as claimed by the defendants, and not for the purpose of creating a debt between defendants and the plaintiff, then your verdict should be for the defendants and against the plaintiff."

It is the claim of plaintiff in error that the court erred to the prejudice of plaintiff in error in this supplemental charge, in that in the manner, form and time that it was given it constituted an undue emphasis on one of the defenses of the answer and further that the court erred in characterizing the contract or understanding of the parties as claimed by defendants at the time of the giving of the note as an "advancement" and finally that the court erred in failing to again charge in connection with the supplemental instructions that the preponderance of the evidence of establishing the second defense of the answer was upon the defendant.

Notwithstanding the able presentation, both orally and in the brief of counsel for plaintiff in error, we cannot support any of these contentions. The supplemental charge as given was merely a continuation of and is part of the general charge. The jury had not been separated and although there was an interim between the first part

of the charge of the supplemental instructions, it constituted one whole charge.

It is urged that the transaction between the parties, incident to the giving of the note could not, in any proper interpretation of the law, be characterized as an advancement. Some authorities are cited to support this claim. However, it must be noted that the jury had no information from the court, nor is it to be presumed that it knew the legal definition of an "advancement." The parties characterized the giving of the note as an evidence of advancement, as did both counsel throughout the trial of the case. When the court used the word "advancement" it was understood by all to mean that concerning which the testimony had been offered to them and the language employed by the court definitely required that the jury find that the note was given, not only as "evidence of advancement, but not for the purpose of creating a debt."

A fair consideration of the record is convincing that the jury had well in mind the distinct issue drawn as to the want of consideration of the note sued upon.

Finally, the failure of the court to again charge preponderance of evidence was not prejudicial for two reasons: (1) If the burden of proof was upon the defendant as to the second defense, then the form in which the charge was stated required the jury to find that which the court indicated to be necessary to establish the defense. It is inconceivable that a jury could find anything proved unless it overweighed the testimony to the contrary. Be that as it may however, the burden of proof was not upon the defendant as to the second defense of the answer. It was nothing more than an amplification of the defense of want of consideration and all the evidence offered in support of it could have been offered under a general denial.

It is further contended that the verdict and judgment are manifestly against the weight of the evidence and contrary to law. We have carefully read the record and granting to the jury the prerogative to determine the weight of the testimony and its convincing force, we are satisfied that the verdict should not be disturbed. The issues were sharply defined and the defendants were supported by the greater number of the witnesses, as well as the preponderance of the evidence, if the jury gave credibility to these witnesses, which it had the right to do. In fact, no witness save the plaintiff undertook to contradict the testimony of the defendants and the witnesses supporting their claim

excepting the plaintiff and in two places. at least in the record the plaintiff offered testimony expressly corroborating in part. the statements of the defendants respecting the understanding incident to the giving of the note sued upon.

On page 70 this question was put by counsel and answer made by plaintiff.

"Q. Well, the trouble came after the note was made, didn't it? A. It started before the note was made and that was to show the heirs they had received that in cash."

And on page 71:

"Q. Now you fix it up to suit yourself. A. That they had got their share and I should not turn any more over to them."

Upon consideration of this case in its favorable aspect to the plaintiff, there is much to refute the theory of defendants. The record is silent as to the extent of the holdings of the plaintiff. If the fact is that the defendant is without little other property, than the lots upon which the defendants lived and one other lot which it is testified in the record he owned, then it is difficult to understand why he had been advancing $1350.00 without hope of return to the defendants in addition to the transfer of the property to the defendant under the agreement. However, this is speculative and the record is too meager to compel any convincing inferences. No doubt, the jury was given the benefit of every proper argument which could be advanced on behalf of the plaintiff on the record. The jury saw fit to find against the claim of the plaintiff and with this conclusion we can not properly interfere.

The trial court gave the parties a careful and proper trial of the case from the legal side. No prejudicial error appearing to the disadvantage of plaintiff, the judgment will be affirmed.

KUNKLE and BARNES, JJ, concur.